IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| HEINDEL SIRIBUOR, | ) |
| | ) |
| Plaintiff, | )   Case No. |
| | ) |
| v. | ) |
| | )   **Jury Trial Requested** |
| UHS OF DENVER, INC., D/B/A | ) |
| HIGHLANDS BEHAVIORAL HEALTH SYSTEM | ) |
| | ) |
| and | ) |
| | ) |
| UHS OF DELAWARE, INC., D/B/A | ) |
| UNIVERSAL HEALTH SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES, Plaintiff, HEINDEL SIRIBUOR, appearing in propria persona, and complaining of Defendants, UHS OF DENVER, INC., d/b/a Highlands Behavioral Health System and UHS of Delaware, Inc., d/b/a Universal Health Services, Inc., and states as follows:

### PRELIMINARY STATEMENT

1.   This is an action brought by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., ("Title VII"), for employment discrimination. Plaintiff seeks equitable and other relief under 42 U.S.C. § 2000e(5)(g).

### JURISDICTION STATEMENT

2.   Jurisdiction of this Court is conferred specifically by 42 U.S.C. § 2000e(5). Jurisdiction is additionally invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4), 28 U.S.C. § 1331 and 42 U.S.C. §§ 1981 et seq. for the purposes of securing protection and redressing

deprivation of rights under Title VII. Declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 is also sought.

## VENUE

3.	Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.	Plaintiff, HEINDEL SIRIBUOR, is a male resident of the State of Colorado whose national origin is Ghana.

5.	Defendant, UHS OF DENVER, INC., d/b/a Highlands Behavioral Health System, ("HBHS"), is a corporation properly recognized and sanctioned by the laws of the State of Colorado. At all relevant times hereto, HBHS conducts, and continues to conduct, business in the State of Colorado. HBHS is an employer of more than fifteen (15) employees pursuant to 42 U.S.C. § 2000e(b).

6.	Defendant, UHS OF DELAWARE, INC., d/b/a Universal Health Services, Inc., ("UHS"), is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all relevant times hereto, UHS remains, and continues to remain, a parent company of HBHS. UHS is an employer of more than fifteen (15) employees pursuant to 42 U.S.C. § 2000e(b).

## PROCEDURE

7.	Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 10, 2011 regarding Defendants' discriminatory conduct. The EEOC issued Plaintiff attached "Notice of Suit Rights" on November 23, 2011 which was received by Plaintiff on or about December 1, 2011. The Notice

of Suit Rights entitles Plaintiff to commence a civil action in the appropriate forum within ninety (90) days of its receipt. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - TITLE VII - HARRASSMENT

8. Paragraphs one (1) through seven (7) are incorporated by reference as if fully set out herein.

9. Plaintiff commenced his employment with Defendants as a Registered Nurse on or about January 28, 2010 until his employment termination on October 14, 2011.

10. Plaintiff worked at Defendants' hospital, HBHS, located at 8565 South Poplar Way, Littleton, Colorado.

11. From commencement of employment to the time of Plaintiff's employment termination by Defendants, to the best of Plaintiff's information and belief, he was the only fulltime Black Registered Nurse both on the shift he worked and in Defendants' employ at HBHS, and one (1) of only two (2) Black Registered Nurses with Defendants at said Hospital, with the other being female and employed for scheduling by Defendants on "as needed" basis.

12. After change in leadership resulting in the assumption of office by Lana Currance as Chief Clinical Officer in about the first quarter of 2011, and until Plaintiff's employment termination on October 14, 2011, the work environment became increasingly hostile to Plaintiff.

13. Plaintiff was subjected to constant innuendos about his skin color by his coworkers, such as "midnight catastrophe." When Plaintiff says "Hi" to coworkers that ignore him, they would say, "he is Black, he is Black" as explanation. Coworkers would also make comments among themselves such as "he should go back to Africa."

14. Plaintiff did not complain as he was usually the only Black employee present and believed he would not have a witness willing to admit or state what had been said. Additionally,

the Night Shift Supervisor, Cindy Molello, would be many times present or a part of the racial slurs and comments Plaintiff was subjected to.

15. Above mentioned acts of Defendants, Paragraphs twelve (12) and thirteen (13), were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff on account of his race, Black, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq.

16. On or about April 26, 2011, Plaintiff was kept at the Human Resources Office at HBHS for disciplining in an incident in which he had only done his job as the Charge Nurse, even though he had made known that he had a physician's appointment he needed to attend. This constituted a part of the constant harassment, and accentuated the hostile work environment, and is willful, reckless, and malicious act of unlawful discrimination against Plaintiff on account of his race, Black, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq.

17. Following above stated occurrence, and following employer protocol, Plaintiff filed a complaint regarding said missed physician appointment on or about April 28, 2011, with Lana Currance, the Chief Clinical Officer. Plaintiff was ignored and received no response to said complaint. This constituted a part of the constant harassment, and accentuated the hostile work environment, and is willful, reckless, and malicious act or omission of unlawful discrimination against Plaintiff on account of his race, Black, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq.

18. As a direct proximate result of Defendants' alleged willful and reckless acts or omissions above, Plaintiff has suffered damages, including but not limited to, lost wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HEINDEL SIRIBUOR, prays for judgment against Defendants, UHS OF DENVER, INC., d/b/a Highlands Behavioral Health System and UHS OF DELAWARE, INC., d/b/a Universal Health Services, Inc., and respectfully requests that this Court:

A. Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in unlawful employment discrimination against employees in violation of Title VII;

C. Order Defendants to make whole Plaintiff by providing the equitable relief necessary to eradicate the effects of Defendants' unlawful practices;

D. Order defendant to pay lost and future wages to Plaintiff;

E. Grant Plaintiff any consequential, compensatory, punitive, and any other damages that the Court may deem appropriate;

F. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest; and

G. Grant Plaintiff his attorney fees, costs, and disbursements should he retain one.

## COUNT II - TITLE VII - RACIAL DISCRIMINATION

19. Paragraphs one (1) through eighteen (18) are incorporated by reference as if fully set out herein.

20. In furtherance to Defendants' aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendants subjected Plaintiff to adverse terms and conditions of employment Defendants did not subject similarly-situated employees.

21. Plaintiff's performance was scrutinized over and above similarly-situated employees.

22. Plaintiff was unfairly disciplined beginning the first quarter of 2011 up to Plaintiff's termination on October 14, 2011. Prior to this period, Plaintiff's performance review had been positive.

23. Plaintiff's application for employer-offered educational assistance was denied on September 13, 2011.

24. Alleged practices above constitute willful, reckless, and malicious acts or omissions of unlawful discrimination against Plaintiff on account of his race, Black, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e et seq.

25. As a direct proximate result of Defendants' alleged willful and reckless acts or omissions above, Plaintiff has suffered damages, including but not limited to, lost wages and benefits and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, HEINDEL SIRIBUOR, prays for judgment against Defendants, UHS OF DENVER, INC., d/b/a Highlands Behavioral Health System and UHS OF DELAWARE, INC., d/b/a Universal Health Services, Inc., and respectfully requests that this Court:

    A.    Declare the conduct of Defendants to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B.    Grant a permanent injunction restraining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in unlawful employment practices against employees in violation of Title VII;

    C.    Order Defendants to make whole Plaintiff by providing the equitable relief necessary to eradicate the effects of Defendants' unlawful practices;

    D.    Order defendant to pay lost and future wages to Plaintiff;

    E.    Grant Plaintiff any consequential, compensatory, punitive, and any other damages that the Court may deem appropriate;

    F.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest; and

    G.    Grant Plaintiff his attorney fees, costs, and disbursements should he retain one.

## JURY TRIAL DEMAND

26.    Plaintiff requests trial by jury on all issues of fact and law raised by the allegations in this Complaint.

Dated: January 10, 2012.

                                          Respectfully submitted,

                                          /s/ Heindel Siribuor
                                          HEINDEL SIRIBUOR, Plaintiff

P.O. Box 31151
Aurora, CO 80041
(720) 275 1926
heindel@hotmail.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he is the plaintiff in the above action, and that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Denver, Colorado on January 10, 2012.

Heindel Siribuor

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Heindel Siribuor**
5281 Altura Street
Denver, CO 80239

From: **Denver Field Office**
303 East 17th Avenue
Suite 410
Denver, CO 80203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2012-00459 | Myrna DeQuiroga, Intake Supervisor | (303) 866-1310 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Myrna DeQuiroga_ (signature)     11-23-11
for **Nancy A. Sienko, Director**     (Date Mailed)

Enclosures(s)

cc: **Suzanne Martinez**
Director Human Resources
UNIVERSAL HEALTH SERVICES
8565 South Poplar Way
Littleton, CO 80130