IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00077-RBJ-KLM

HEINDEL SIRIBUOR,

    Plaintiff,

v.

UHS OF DENVER, INC., d/b/a Highlands Behavioral Health System, and
UHS OF DELAWARE, INC., d/b/a Universal Health Services, Inc.,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Amended Motion for Attorney's Fees** [Docket No. 25; Filed June 18, 2012] (the "Motion"). Plaintiff submitted a Response in opposition to the Motion on June 19, 2012 [#31], and Defendants did not file a Reply. The Motion is ripe for review and referred to this Court for resolution [#26]. For the reasons explained below, the Court **GRANTS** Defendants' Motion as stated herein, contingent on the District Judge's adoption of the Recommendation issued July 23, 2012 [#45].

    Defendants bring the Motion pursuant to Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927. *See* [#25]. Defendants' request is related to their Motion to Enforce Settlement Agreement [#15], which the Court recommended be granted on July 23, 2012 ("July 23, 2012 Recommendation"). [#45]. Defendants contend that Plaintiff's withdrawal of his acceptance of Defendants' settlement offer (as further described in the July 23, 2012 Recommendation) constituted sanctionable conduct, and an award of fees is due. *See* [#25].

Plaintiff opposes Defendants' request for fees. [#31]. Plaintiff asserts that Defendants failed to comply with D.C.COLO.LCivR 7.1A., and in any event, although he is an attorney, Plaintiff proceeds *pro se* in this matter and should therefore not be subject to 28 U.S.C. § 1927.

As a preliminary matter, the Court denied Defendants' initial motion for fees without prejudice, due to their failure to fully comply with D.C.COLO.LCivR 7.1A. *See* [#24]. Regarding the instant Motion, Defendants included a copy of the conferral email sent by counsel for Defendants to Plaintiff as an exhibit to the Motion. [#25-1]. In light of the record of conferral in this matter generally, as well as the adjudication of the parties' opposite positions concerning the motion to enforce, the Court accepts Defendants' Motion as compliant with D.C.COLO.LCivR 7.1A.

Pursuant to the Court's own records, Plaintiff is an attorney in good standing in this District, as of May 9, 2011. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (The Court may take judicial notice of its own files and records, as well as of facts which are a matter of public record.). Thus, "[a]lthough he is appearing *pro se* in this action, he remains subject to the strictures of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927." *Marrese v. Duncan*, No. 08-cv-00143-JLK-MJW, 2008 WL 398862, at *1 (D. Colo. Feb. 11, 2008) (citation omitted).

"Rule 11 allows for sanctions to be imposed against an attorney who makes unwarranted legal contentions, . . . and both authorities authorize sanctions against an attorney who makes filings for improper purposes or multiplies proceedings in federal court unreasonably and vexatiously." *Marrese*, 2008 WL 398862 at *1 (citations omitted). An award of sanctions pursuant to 28 U.S.C. § 1927 is committed to the discretion of the trial court, and such imposition "does not require a finding of bad faith." *Hamilton v. Boise*

*Cascade Express*, 519 F.3d 1197, 1201-02 (10th Cir. 2008) (citations omitted).

Here, the Court recommended finding that the parties had agreed to essential terms of a settlement agreement, and that Plaintiff reneged on an enforceable contract. [#45]. Thus, Defendants' efforts in moving to enforce the settlement agreement were a consequence of Plaintiff's unreasonable multiplication of proceedings in this lawsuit, by virtue of Plaintiff's "buyer's remorse." Accordingly,

IT IS HEREBY **ORDERED** that Defendants' Motion [#25] is **GRANTED** pursuant to 28 U.S.C. § 1927, as follows. Defendants are awarded their fees related to the drafting and filing of the instant Motion [#25]; the Motion to Enforce Settlement Agreement [#15]; and the Reply in support of the Motion to Enforce Settlement Agreement [#18]. This award is contingent on the District Judge's adoption of the July 23, 2012 Recommendation. The Court directs Defendants to file a brief compliant with D.C.COLO.LCivR 54.3 and consistent with the Order stated herein within ***ten days*** of the District Judge's resolution of the July 23, 2012 Recommendation.

Dated: July 24, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge