IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-0077-RBJ-KLM


HEINDEL SIRIBUOR,

      Plaintiff,

v.

UHS OF DENVER, INC., D/B/A HIGHLANDS BEHAVIORAL HEALTH SYSTEMS

and

UHS OF DELAWARE, INC., D/B/A UNIVERSAL HEALTH SERVICES, INC.

      Defendants.

---

## ORDER

---

      This matter is before the Court on Defendants' UHS of Denver, Inc. D/B/A Highlands

Behavioral Health Systems and UHS of Delaware, Inc. D/B/A Universal Health Services, Inc.

motion to enforce a settlement agreement [#15] and motion for attorney's fees [#25].  On July

23, 2012, Magistrate Judge Mix issued a recommendation that the motion to enforce be granted.

[#45].  On July 24, Magistrate Judge Mix also issued an order granting defendants' motion for

attorney's fees.  [#48].

      **Facts**

      This case arises out of Plaintiff Heindel Siribuor's termination from his employment with

Highlands Behavioral Health Center ("Highlands"), which is a hospital owned and operated by

defendants.  Mr. Siribuor was employed by Highlands as a registered nurse from January 26,

2010 until October 14, 2011.  He filed the present action on January 12, 2012, alleging claims

under Title VII for harassment and racial discrimination.  The matter currently before this Court stems from an alleged settlement agreement, which defendants now seek to enforce.

Defendants say the parties engaged in settlement discussions via email shortly after the lawsuit was filed, but they were unable to reach any resolution.  On April 23, 2012, the parties attended an early neutral evaluation with Magistrate Judge Mix.  Approximately one week later, defendants claim that the parties reached a written settlement agreement, in which defendants would pay Mr. Siribuor $4,500 and provide any prospective employers with a neutral employment reference.  Mr. Siribuor maintains no such agreement was finalized.  The Court finds, based upon both parties' representations, that the following facts have been established:

- On February 14, defense counsel made an offer of settlement for $2,542.78 in exchange for a "full release of all claims on your part including a dismissal of the currently pending suit with prejudice and an agreement that the settlement and its terms remain confidential."  [#15-2].  Defendants say Mr. Siribuor rejected this offer the same day and did not make any immediate counter-demand.  [#15] at 3.

- On April 23, the parties participated in an early neutral evaluation with Magistrate Judge Mix.  [#14].

- On April 23, Mr. Siribuor sent an email to defense counsel, acknowledging that he can achieve his goals through settlement.  He described his goals as "monetary damages and vindication through the court process," which could be "achieved through an agreement guaranteeing neutral employment reference…."  At that time, Mr. Siribuor sought three years of wages in the amount of $198,336.84 and a neutral employment reference.  [#15-3].

- Defense counsel responded on April 26 and increased the settlement offer to $4,000.  [#15-4].

- The same day, Mr. Sirbuor countered with a neutral employment reference and his "last offer at settlement of one year's wages, in the event Defendants are serious about a settlement."  [#15-5].

- Defense counsel responded that evening with an offer to pay $4,500 and a neutral response when contacted by potential employers.  [#15-6].

- On Friday, April 27, the following email exchanges took place:

2

- o   At 10:40 AM, Mr. Siribuor responded to defendants' last offer: "Ok, you can go ahead and start the paperwork."  [#15-7] at 2.

- o   Defense counsel responded: "By paperwork, you mean the settlement documents memorializing a settlement for $4,500?"  *Id*. at 1.

- o   Mr. Siribuor replied: "Yes, and the neutral reference."  *Id*.

- o   Defense counsel responded again: "Sounds good. I will prepare the settlement documents as well as a Notice of Settlement which I will file with the Court advising of our pending resolution."  *Id*.

- o   Mr. Siribuor replied: "Sure.  Just let me see the draft before filed. Thanks."  *Id*.

- On April 28, the next day, Mr. Siribuor changed his mind.  He indicated that after reviewing his notes from the neutral evaluation meeting and defendants' interrogatories, he was reverting to his prior offer for one year's wages. [#15-9].

- Although defense counsel responded the same day that he already had a draft of the settlement documents and that they had a settlement confirmed in writing, Mr. Siribuor replied two days later: "Scott, $4500 is no deal.  I think you are being overconfident with defenses which, from the point of view of someone who was actually present, I know are made up and will add to the inconsistencies." [#15-10].

On May 18, defendants filed a motion to enforce a settlement agreement, arguing that this exchange of emails constituted a final settlement.  On July 23, Magistrate Judge Mix recommended this Court grant defendants' motion, concluding that the string of emails between Mr. Siribuor and defense counsel constituted an enforceable agreement.  On July 24, Magistrate Judge Mix granted defendants' amended motion for attorney's fees, subject to this Court's adoption of her recommendation to enforce the settlement.  Mr. Siribuor filed an objection to the recommendation on August 1, and he filed an objection to the order granting attorney's fees on August 7.  Defendants filed a response on August 13.  Trial in this matter is currently scheduled for September 4.

**Standard**

Recommendation of the Magistrate Judge

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* To be proper, an objection must be both timely and specific. *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is timely if it is filed within fourteen days of the issuance of the Magistrate's recommendation. Fed. R. Civ. P. 72(b)(2). To preserve an issue for *de novo* review, the objection must be specific enough to "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060. The Federal Magistrates Act does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Conclusions**

Defendants' Motion to Enforce Settlement Agreement

Mr. Siribuor, who filed this case *pro se* but is also an attorney[1], filed a timely objection to the magistrate judge's recommendation. In his objection, Mr. Siribuor argues that no enforceable settlement agreement was reached between the parties because essential terms to their agreement were never defined. Specifically, he claims that the term "full release" discussed in defendants' email from February 14 constitutes a material term to the agreement, that its meaning was never negotiated, and that the agreement is therefore unenforceable. In the alternative, Mr. Siribuor argues that if defendants' February email was no longer part of the April settlement discussions, and because the April discussions only reflected Mr. Siribuor's

---

[1] In his response to the motion for attorney's fees, Mr. Siribuor acknowledges that although he is not currently practicing, he is an attorney and licensed to practice law. [#31] ¶5.

demands without any mention of defendants' demands, then the agreement is unenforceable for insufficient consideration. Finally, Mr. Siribuor argues that if an enforceable agreement was formed between the parties, defendants breached the confidentiality requirement they sought in their February emails because they failed to file the emails under seal.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004)(quotations omitted). "The mere intention to reduce an oral or informal agreement to writing, or to a more formal writing, is not of itself sufficient to show that the parties intended that until such formal writing was executed the parol or informal contract should be without binding force." *Id*. at 1065 (quotations omitted). *See also Citywide Bank of Denver v. Herman*, 978 F.Supp. 966 (D. Colo. 1997)(settlement agreements do not necessarily require a writing in Colorado). "Issues involving the enforceability of a settlement agreement are resolved by applying state law." *Rogler v. Standard Ins. Co.*, 30 Fed. Appx. 909, 913 (10th Cir. 2002).

Colorado looks to common law contract principles in evaluating the enforceability of a settlement agreement. *Sun River Energy Inc. v. Nelson*, 2011 WL 3924973, at *3 (D. Colo. 2011). To be enforceable, a settlement agreement must be an enforceable contract. *Id*. (citing *H.W. Houston Constr. Co. v. District Court*, 632 P.2d 563, 565 (Colo. 1981)); *See also DiFrancesco v. Particle Interconnect Corp*, 39 P.3d 1243, (Colo. App. 2001)("A settlement agreement is a contract to end judicial proceedings."). A party must establish the essential elements of a contract, which means a "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prods. Int'l, Inc. v. Emo Trans., Inc.*, 962 P.2d 983, 988 (Colo. App. 1997)(citation omitted); *See also Citywide Bank of Denver v. Herman*, 978 F.Supp. 966, 976 (D. Colo. 1997)("The essential elements of a

settlement agreement are a definitive offer and acceptance, consideration, and parties who have

the capacity and authority to agree….")(internal quotations omitted)).   "Parties must agree on all

material terms to create a valid settlement agreement…While parties may definitely agree on

some issues, the absence of agreement on other material issues prevents the formation of a

binding contract." *DiFrancesco*, 39 p.3d at 1248.  Ultimately, "the terms of the settlement

agreement must be clear, unambiguous, and capable of enforcement." *City & Cnty of Denver v.

Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993).

Although Mr. Siribuor vigorously argues that the term "full release" was a material term

to the agreement, Magistrate Judge Mix concluded that "the specter of a non-negotiated release

is a red herring presented by Plaintiff."  [#45] at 7.  This Court agrees.  As Magistrate Judge Mix

noted, Mr. Siribuor unequivocally explained his two goals: (1) monetary damages; and (2)

"vindication through the court process," which could be "achieved through an agreement

guaranteeing neutral employment reference by [defendants] for all future queries."  [#15-3].  The

subsequent emails focused exclusively on these two goals.  After defendants made an offer

acceptable to Mr. Siribuor, he responded: "Ok, you can go ahead and start the paperwork.

Thanks again for all of your time."  [#15-7] at 2.  Defendants' counsel responded: "By

paperwork, you mean the settlement documents memorializing a settlement for $4,500?"  *Id.* at

1.  Mr. Siribuor replied: "Yes, and the neutral reference."  Defense counsel responded again:

"Sounds good.  I will prepare the settlement documents as well as a Notice of Settlement which I

will file with the Court advising of our pending resolution."  *Id.*  Mr. Siribuor replied: "Sure.

Just let me see the draft before filed. Thanks."  *Id.*  That was the last communication before Mr.

Siribuor changed his mind.

These emails clearly focused on Mr. Siribuor's stated goals and made no mention of a "full release." Additionally, as Magistrate Judge Mix observed, Mr. Siribuor did not mention any concern regarding a release when he retracted his willingness to settle. *See* [#15-9]. This failure to mention a release in his retraction further belies his claim that such language was material to the agreement. As a result, this Court finds that the "full release" language was not considered to be a material term by either party.

The Court also finds Mr. Siribuor's argument that the agreement lacked sufficient consideration to be without merit. As defendants point out, Mr. Siribuor was receiving money and a neutral employment reference in exchange for dismissal of the case. This dismissal constitutes sufficient consideration. Mr. Siribuor's argument that defendants breached the agreement by failing to file the case under seal also does not nullify the agreement. Because defendants' February emails were not at all part of the April email discussions, the Court finds those terms were not essential terms to the agreement. As Magistrate Judge Mix observed: "Nothing in the email exchange indicates the parties' intent for further negotiations to work out other terms considered to be essential by either side." [#45] at 8-9. This Court agrees that "the essential terms of the agreement were fully negotiated and are 'clear, unambiguous, and capable of enforcement.'" Mag. Rec. [#45] at 9 (quoting *City & Cnty of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1479 (D. Colo. 1993)).

Ultimately, upon reviewing the materials in his own possession, Mr. Siribuor changed his mind. "[A] party who knowingly and voluntarily authorizes the settlement of [his] claims cannot avoid the terms of the settlement simply because [he] changes his mind." *Woods v. Denver Dept. of Revenue, Treasury Div.*, 45 F.3d 377, 378 (10th Cir. 1995). Although Mr. Siribuor initially claimed that defendants "deliberately included misleading statements and untruths in

their [early neutral evaluation] statement to the presiding Court, as well as purported to have persons testify over events that never existed, to mislead the Court into obtaining a favorable outcome," he never made any kind of argument that he was fraudulently induced into entering into the settlement agreement.  [#17] at 3.  Further, Mr. Siribuor did not provide any evidence to suggest that defendants somehow misled the court during the early neutral evaluation, nor does Mr. Siribuor raise this issue in his objection to the magistrate judge's recommendations.  As a result, the Court finds Mr. Siribuor knowingly and voluntarily authorized the settlement agreement in his emails.  The Court affirms Magistrate Judge Mix's findings.

Defendants' Motion for Attorney Fees

After Magistrate Judge Mix denied defendants' initial motion for attorney's fees for failure to meaningfully confer with Mr. Siribuor, defendants filed an amended motion seeking to recover fees for the filings to enforce the settlement agreement.  [#25].  Defendants sought attorney's fees pursuant to Fed. R. Civ. Pro. 11 and 28 U.S.C. § 1927 for "time incurred as a consequence of responding to a frivolous pleading" or for maintaining these "proceedings…unreasonably and vexatiously...."  [#25] at 3 (citing *Colorado Chiropractic Council v. Porter Memorial Hosp.*, 650 F.Supp. 231, 243 (D. Colo. 1986)).  Magistrate Judge Mix granted the motion, contingent upon this Court adopting her recommendation to enforce the settlement agreement.

An order on a motion that is not dispositive of a claim or defense is reviewed for clear error: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law."  Fed. R. Civ. P. 72(a).  When reviewing non-dispositive motions "district courts review such orders under a 'clearly erroneous

or contrary to law' standard of review."  *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458,

1462 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).

According to Magistrate Judge Mix's records, Mr. Siribuor is an attorney in good

standing in this District, as of May 9, 2011.  Mag. Order [#48] at 2; *See also St. Louis Baptist*

*Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)(The Court may take judicial notice

of its own files and records as well as of facts which are a matter of public record.).

Accordingly, she reasoned that although Mr. Siribuor appears *pro se* in this action, he is still

subject to the Rules of Civil Procedure and 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States
> or any Territory thereof who so multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such conduct.

*See also Marrese v. Duncan*, 2008 WL 398862, at *1 (D. Colo. 2008)(noting that attorneys who

appear *pro se* in an action are still "subject to the strictures" of Rule 11 and 28 U.S.C. § 1927).

Pursuant to 28 U.S.C. § 1927, Magistrate Judge Mix determined that defendants were entitled to

their attorney's fees related to the drafting and filing of the motion for attorney's fees, as well as

the motion and reply to enforce the settlement agreement.

Mr. Siribuor objects to this determination.  He argues that defendants violated the court's

scheduling order by incorporating confidential exhibits from the early neutral evaluation in their

motion and that defendants' motion for fees should be denied as a sanction.  He also maintains

that he should not have to pay for both defendants' motion to enforce and the motion for

attorney's fees because the motions were duplicative.  Finally, Mr. Siribuor contends that

defendants failed to meaningfully confer prior to filing the motion, in violation of

D.C.COLO.LCivR7.1A.

This Court concludes that there is no connection between an alleged violation of a court's scheduling order to maintain the confidentiality of certain documents and a court's award of attorney's fees against a party for finding an attorney has multiplied proceedings in federal court unreasonably and vexatiously.  Additionally, if Mr. Siribuor were as concerned with the confidentiality of those documents as he says, he could have requested the documents be sealed. He never did so.  This argument fails to state why the magistrate judge's order in granting fees against him was clearly erroneous.

The Court also finds that defendants' motions are not duplicative.  This Court first notes that neither motion is unreasonably lengthy.  The amended motion for fees is only four pages and provides legal argument not previously provided in the motion to enforce the settlement.

Finally, Magistrate Judge Mix took care to ensure compliance with Rule 7.1A when she denied defendants' original motion for failure to comply, noting that Rule 7.1A requires "meaningful negotiations."  [#24].  In her order granting defendants' amended motion for attorney's fees, Magistrate Judge Mix found sufficient conferral, noting the circumstances of the case and a conferral email sent by defendants.  [#48] at 2.  This Court finds no error in that determination.

Ultimately, an award of sanctions under 28 U.S.C. § 1927 is within the trial court's discretion and requires no finding of bad faith.  *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1201-02)(10th Cir. 2008)(citations omitted).  Further, there is nothing clearly erroneous regarding the magistrate judge's order granting an award of attorney's fees.  Because this Court has adopted Magistrate Judge Mix's recommendation and grants defendants' motion to enforce the settlement agreement, the Court also upholds the magistrate judge's order awarding attorney's fees.

The Court also notes that the present rulings moot plaintiff's pending motion for default judgment [#32], which he filed while the enforceability of the settlement agreement was under consideration by the magistrate judge and for which defendants also sought a recovery of attorney's fees for having to respond.  *See* [#38].  No ruling will be issued on this motion or on the subsequent request for fees.

**Order**

The Court adopts the magistrate judge's recommendation [#45].  Accordingly, defendants' motion to enforce the settlement [#15] agreement is granted.  The Court also affirms the magistrate judge's order [#48] granting defendants' amended motion for attorney's fees [#25].  This Order also moots plaintiff's pending motion for default judgment [#32].  The matter is dismissed with prejudice.

DATED this 20th day of August, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge